IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KAMAL K. PATEL, | § | |
|     FED. REG. I.D. 56496-080, | § | |
| | § | |
| V. | § | C.A. NO. C-10-370 |
| | § | |
| CORNELL COMPANIES, INC., ET AL. | § | |

## ORDER OF TRANSFER

Plaintiff is a federal prisoner currently incarcerated at the Big Spring Correctional Center (BS-CC), a private-contract correctional facility in Big Spring, Texas. (D.E. 1).

On November 18, 2010, plaintiff filed this Bivens[1] action alleging, *inter alia*, that the federal Bureau of Prisons ("BOP"), by and through its Director, Harley Lappin, has entered into contracts with two private prison corporations, defendants Cornell Companies, Inc. ("Cornell") and the GEO Group, Inc. ("GEO"), to house alien prisoners, and that Cornell and GEO, their officials and employees, have denied plaintiff and other alien prisoners various constitutional rights.[2] Plaintiff complains of events that occurred while he was incarcerated at the Moshannon Valley Correctional Center ("MV-CC") in Philipsburg, Pennsylvania, and has sued nine MV-CC employees who are alleged to reside in Philipsburg, Pa. (See D.E. 1 at 4-6, 9). Plaintiff also complains of events that allegedly occurred at GEO's Rivers Correctional Institute ("Rivers-CI") in Winton, North Carolina. Four of the defendants named in this lawsuit are alleged to have worked at Rivers-CI and to reside

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983.

[2] GEO Group acquired Cornell sometime in 2010.

in Winton, NC. (See D.E. 1 at 7-8). Plaintiff has sued one individual who is alleged to work at the Federal Correctional Institution in Big Spring, Texas.

Plaintiff claims that venue is proper with this Court because Cornell is headquartered in Houston and because certain defendants "routinely travel to Houston." (D.E. 1 at ¶ 37).[3]

The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Venue in federal question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In this case, the majority of the events complained of by plaintiff arose while he was confined at MV-CC in Philipsburg, and the majority of defendants named reside in Philipsburg, Pa.[4]

A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought. 28 U.S.C. §§ 1404, 1406; Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998). It is in the interests of justice to transfer this case to the venue in which the action arose and where the majority of the named defendants reside.

Philipsburg is located in occurred in Centre County, Pennsylvania. Centre County is located in the Middle District of the United States District Court of Pennsylvania. 28 U.S.C. § 118(b).

---

[3] Even if substantial events had taken place at Cornell headquarters in Houston, then venue would lie in the Houston Division of the Southern District of Texas, not the Corpus Christ Division. See 28 U.S.C. § 124(b)(2). Were plaintiff attempting to base venue on the residence of the FCI-Big Spring employee, the proper court would be the Northern District of Texas, Abilene Division. See 28 U.S.C. § 124(a)(3).

[4] The Pennsylvania court is the proper court to address whether plaintiff's claims against the River-CI defendants should be severed and transferred to North Carolina.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Middle District of Pennsylvania.

ORDERED this 14th day of January, 2011.

_____
Janis Graham Jack
United States District Judge